

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

July 31, 1969

Honorable Robert R. Barton
District Attorney
Second Judicial District
Kerrville, Texas   78028

Opinion No. M-440

RE: Whether a conditional
sale contract consti-
tutes a "security in-
terest in writing"
under 4 V.T.C.A., Bus.
& C., Sec. 25.02.

Dear Mr. Barton:

Your opinion request to this office asks "whether
a conditional sale contract or a retail installment con-
tract, under the terms of which the seller retains title
to personal property, constitutes a 'security interest in
writing' so that, should the purchaser of the property
remove or fraudulently dispose of same, there is a vio-
lation of Section 25.02, Business and Commerce Code."
Since your question refers to the Business and Commerce
Code, we will assume for the purpose of this opinion that
the conditional sale contract or retail installment con-
tract to which you referred was executed after the effec-
tive date of the Code and is otherwise in compliance with
the provisions thereof.

Section 25.02, Business and Commerce Code, which
became effective on September 1, 1967, provides that

"(a)  A person who has given a
security interest in writing on
personal property or a growing
crop of farm produce may not,
with intent to defraud the se-
cured party,
(1)  remove the property
or crop from the county in which
the property or crop was located
when the security interest at-
tached;
(2)  sell the property or
crop; or
(3)  otherwise dispose of

of the property or crop."

The Business and Commerce Code superseded existing legislation dealing with such security devices as chattel mortgages, conditional sales, trust receipts, and factor's liens. Gone are the definitional difficulties and trans- actional fictions of the chattel mortgage, the conditional sale, the trust receipt. In their stead is a general set of rules for the creation of a security interest in the se- cured party. Therefore, to answer your question, the pro- visions of the Code that are pertinent to your question must be examined.

Texas Business and Commerce Code, Sec. 1.201 (37), states that:

> "'Security interest' means an in-
> terest in personal property or
> fixtures which secures payment
> or performance of an obligation.
> The retention or reservation of
> title by a seller of goods not-
> withstanding shipment or de-
> livery to the buyer (Section 2.401)
> is limited in effect to a reser-
> vation of a 'security interest.'"

Texas Business and Commerce Code, Section 9.202 states:

> "Each provision of this chapter
> with regard to rights, obliga-
> tions and remedies applies whether
> title to collateral is in the se-
> cured party or in the debtor."

Therefore, it is the opinion of this office that a conditional sale contract or retail installment contract, under the terms of which the seller retains title to per- sonal property, constitites a "security interest in writing", so that, should the purchaser of the property remove or fraudulently dispose of same, there is a violation of Section 25.02, Business and Commerce Code.

## SUMMARY

A conditional sale contract or a retail installment contract, under the terms of which the seller retains title to personal property, constitutes a 'security interest in writing' so that, should the purchaser of the property remove or fraudulently dispose of same, there is a violation of Section 25.02, Business and Commerce Code.

Very truly yours,

CRAWFORD MARTIN
Attorney General of Texas

Prepared by Dunklin Sullivan
Assistant Attorney General

APPROVED:

OPINION COMMITTEE:
Kerns Taylor, Chairman
George M. Kelton, Vice-Chairman

Roy W. Mouer
Ed Esquival
Malcolm Quick
Harold Kennedy

W. V. GEPPERT
Staff Legal Assistant

HAWTHORNE PHILLIPS
Executive Assistant